### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CORINNA CLENDENEN, and | ) | Jury Trial Demanded |
| JENNIFER PICCOLOMINI, on behalf | ) | |
| of themselves and others similarly | ) | |
| situated, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case no.: 4:17-cv-1506-HEA |
| vs. | ) | |
| | ) | |
| STEAK N SHAKE OPERATIONS, INC. | ) | |
| (an Indiana Corporation) | ) | |
| | ) | |
|     Defendant. | ) | |

### FIRST AMENDED COMPLAINT
**Collective Action under Fair Labor Standards Act**
**Rule 23 Class Action Claim under IL & OH Wage Laws**

**COMES NOW**, the Plaintiff Corinna Clendenen and Jennifer Piccolomini, on behalf of themselves and all others similarly situated, and bring this action against Defendant Steak N Shake Operations, Inc. for damages and other relief as follows:

### NATURE OF ACTION

1.      Plaintiffs allege on behalf of themselves and other current and former restaurant "Managers," employed by Defendant in the United States at their Steak N Shake corporate owned restaurants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

2.      Plaintiff Clendenen further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated current and former restaurant "Managers" employed by Defendant at their corporate owned restaurants within the State

of Illinois, that pursuant to the ILLINOIS MINIMUM WAGE LAW (IMWL) 820 ILCS §105/1 *et seq.*, they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

3.     Plaintiff Piccolomini further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated current and former restaurant "Managers" employed by Defendant at their corporate owned restaurants within the State of Ohio, that pursuant to Ohio's wage and hour laws, Ohio Rev. Code Ann. ("R.C.") § 4111, *et seq.*, they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

### JURISDICTION AND VENUE

4.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 for the claims being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

5.     This Court has supplemental jurisdiction for all claims asserted under the IMWL and Ohio wage laws in that the claims under this law are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claim would not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), since the Defendant conducts business and can be found in the Central District of Illinois, and the cause of action set forth herein has arisen and occurred in part in Peoria, Illinois.  Venue is also proper under 28 U.S.C. §1132(e)(2) because Defendant has substantial business

contacts within Illinois, and this judicial district.

## PARTIES

7.      Defendant Steak N Shake Operations, Inc. ("Steak N Shake") is an Indiana corporation registered to do business and in good standing in the state of Illinois.  Its registered agent is Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, IL 62703.

8.      Defendant is engaged in interstate commerce by, among other things, operating retail restaurant establishments.  Defendant operates over 400 corporate owned retail restaurants throughout the country including in Peoria, Illinois.  Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

9.      Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

10.     At all relevant times, Defendant has been, and continues to be an "employer" as defined under IMWL 820 ILCS § 105/3(c).  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," such as the Plaintiff Clendenen and all similarly situated employees as defined under IMWL 820 ILCS § 105/3(d).

11.     At all relevant times, Defendant has been, and continues to be an "employer" as defined under Ohio's wage laws, R.C. § 4111.03(D)(2) and § 4111.14(B).  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," such as the Plaintiff Piccolomini and all similarly situated employees as defined under R.C. § 4111.03(D)(2) and § 4111.14(B)(1).

12.     Plaintiff Corinna Clendenen currently resides in Peoria, Illinois.

13.     Plaintiff Jennifer Piccolomini currently resides in Parma, Ohio.

14.     Plaintiffs and others similarly situated are individuals who were, or are, employed by Defendant as "Managers," or as employees with similar job duties, throughout the country during the applicable statutory periods under the FLSA, IMWL, and the Ohio wage laws.

## FACTUAL ALLEGATIONS

15.     Not including restaurant establishments franchised by Defendant to franchisees, Defendant operates over 400 corporate owned retail restaurant locations throughout the country.  According to a recent annual statement, Defendant operates 62 corporate owned restaurants in the state of Illinois including in Peoria, Illinois, and 63 corporate owned restaurants in the state of Ohio including in Akron, Streetsboro, and Brunswick, Ohio.

16.     During Plaintiffs' employment as a Manager with Defendant, Defendant's retail restaurants were divided into five "Group Markets": (a) Chicago/Detroit, (b) Cleveland/Dallas, (c) Indianapolis, (d) Orlando/Atlanta, and (e) St. Louis.  Currently, the Defendant's restaurants are divided into seven "Group Markets": (a) St. Louis, (b) Indianapolis, (c) Bloomington, (d) Atlanta, (e) Cleveland, (f) Dallas and (g) Orlando.

17.     Defendant's retail restaurants are modeled to be staffed with the following positions that were treated as exempt from overtime by the Defendant within the past three years of this filing (listed in their respective alleged chain of supervision): "General Manager," "Restaurant Manager", and one or more "Managers."

18.     In addition to the overtime exempt positions set forth in paragraph 15, Defendant also employs numerous overtime eligible, or nonexempt, persons at each retail

restaurant such as grillers, fryers, sandwich dressers, dishwashers, fountain drink operators, operations supervisors, and like positions; and servers and production trainers (hereafter collectively referred to as "nonexempt restaurant workers").

19.     Plaintiff Clendenen was employed by Defendant as a Manager from the approximately 2012 through on or about October 2014.  Clendenen worked at numerous restaurant locations in Peoria, Illinois which were in the Chicago/Detroit Group Market (now the Bloomington Group Market).

20.     Plaintiff Piccolomini was employed by Defendant as a Manager from the approximately mid-April 2016 through on or about mid-October 2016.  Piccolomini worked at restaurant locations in Akron, Streetsboro, and Brunswick, Ohio which are in the Cleveland Group Market.

21.     Regardless of location or group market, Defendant has a uniform corporate-wide job description for Managers setting forth their job duties, requirements and designating this position as exempt from overtime pay.  Defendant also has a uniform policy of not requiring Managers to record hours worked.

22.     Regardless of location, all of Defendant's Managers, including the Plaintiffs, have the same or similar primary job duties which are controlled in every aspect by Defendant's centralized corporate policies and procedures.

23.     Regardless of location, within three years of filing this Amended Complaint, the Defendant classified all Managers, including the Plaintiff, as exempt from overtime compensation under the "executive exemption" (as defined under 29 C.F.R. § 541.100, *et*

*seq.*) and the "administrative exemption" (as defined under 29 C.F.R. § 541.200, *et seq.*) under the FLSA.[1]

24.     Regardless of location, the Defendant classified all Managers located in the State of Illinois, including the Plaintiff, as exempt from overtime compensation under the "executive exemption" and "administrative exemption" as defined under 820 ILCS 105/4a(2)(E).[2]

25.     During their employment with the Defendant as a Managers, the Plaintiffs and other similarly situated employees, were routinely scheduled on a weekly basis to work 50 hours per workweek.  Plaintiffs, and other similarly situated employees, never received overtime pay for hours worked in excess of forty per workweek and often worked in excess of fifty hours per week.  On a weekly basis while working as a Manager, the Plaintiff Clendenen usually worked an average 55 hours per week, and the Plaintiff Piccolomini usually worked on average 65 hours per week.

26.     Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiffs and others similarly situated as required by law.

## COUNT I
## FLSA COLLECTIVE ACTION

27.     Plaintiffs Clendenen and Piccolomini, on behalf of themselves and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

---

[1] Plaintiff believes there was a brief period of time between November 2016 and February 2017 where Defendant classified Managers as nonexempt and paid overtime.
[2]  *See* fn. 1, infra.

28.     Plaintiffs file this action on behalf of themselves and all others similarly situated.  The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked, or will work during the liability period, as Managers (or persons with similar job duties) for Defendant at all corporate owned retail restaurants at any time from three years prior to the filing of this Complaint (hereafter the "FLSA Collective") for all locations except ones within the St. Louis Group Market.

29.     Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).

30.     During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked in violation of the FLSA.

31.     Plaintiffs, and the FLSA Collective, are similarly situated in that they all have the same primary job duties, are all subject to Defendant's same corporate policies and procedures governing every aspect of their job duties, all routinely work(ed) in excess of forty hours per workweek, and are all subject to the same exemption pay policy of not paying any overtime compensation for hours worked in excess of forty per workweek.

32.     Defendant failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

33.     Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime equal to one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

34.     Plaintiffs and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their

rights under the FLSA, and that have caused significant damage to Plaintiffs and the FLSA Collective.

35. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

37. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

38. The Plaintiffs and the FLSA Collective have suffered from Defendant's common policies and plans of misclassifying Managers as exempt, and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it misclassified Plaintiffs and those similarly situated as exempt;

c) Judgment against Defendant for Plaintiffs and those similarly situated for unpaid back wages, and back wages at the applicable overtime rates;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS UNDER IMWL

39.     Plaintiff Clendenen, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

40.     Plaintiff Clendenen brings her overtime wage claim pursuant to the IMWL, 820 ILCS §105/1 *et seq.*, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked, or will work during the liability period, as Managers (or persons with similar job duties) for Defendant at all corporate owned retail restaurants located in the State of Illinois at any time within three years prior to the filing of the first Complaint (Doc. 1) (hereafter the "Illinois Class") but excluding any persons who have consented to join the collective action *Drake, et al. v. Steak N Shake Operations, Inc.*, U.S. Dist. Ct. E.D. of Mo, case no: 4:14-cv-1535-JAR.

9

41.     The IMWL, 820 ILCS 105/4a(1), requires that all employers shall pay employees nothing less than one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

42.     Defendant violated the IMWL by failing to compensate Plaintiff and Illinois Class members the overtime pay rate of one and one-half times their regular pay rate for hours worked in excess of forty per workweek, and therefore, owes them this compensation.

43.     Class action treatment of Plaintiff's IMWL claim is appropriate because, as alleged in paragraphs 44-49 *infra*, all of Federal Rule of Civil Procedure Rule 23's class action requisites are satisfied.

44.     The Illinois Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

45.     Plaintiff Clendenen is a member of the Illinois Class, and her IMWL claim is typical of the claims of other Illinois Class members.  For example, Plaintiff Clendenen and the Illinois Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated the IMWL when it failed to pay them overtime compensation for hours worked over 40 per workweek.  Plaintiff has no interests that are antagonistic to or in conflict with the Illinois Class' collective interest in obtaining such a judicial finding.

46.     Plaintiff will fairly and adequately represent the interests of the Illinois Class, and she has retained competent and experienced counsel who will effectively represent the interests of the Illinois Class.

47.     Questions of law and fact are common to the class.  The Plaintiff and the Illinois Class have been subjected to the common business practices described in

paragraphs 41-42, *supra*, and the success of their claims depends on the resolution of common questions of law and fact.  Common questions of fact include whether the Defendant paid any overtime premium for hours worked in excess of forty per work week and whether the Plaintiff and the Illinois Class worked in excess of forty hours per work week.  Common questions of law include, *inter alia*, whether Defendant's company-wide practice of paying Managers a salary and classifying them as exempt from overtime compensation violated the IMWL.

48.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Illinois Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Illinois Class members.

49.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 47 *supra*, predominate over any questions affecting only individual Illinois Class members.  In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

50.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Illinois Class have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay.  In turn, under 820 ILCS 105/12(a), Plaintiff and the Illinois Class are also entitled to liquidated damages, attorney's fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

Plaintiff Clendenen, on behalf of herself and the Illinois Class, seek the following

relief:

a)   Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Illinois Class and issuance of notice to said members apprising them of the pendency of this action;

b)   Designation of Corinna Clendenen as Representative Plaintiff of the Illinois Class;

c)   Designation of Brendan J. Donelon and Daniel W. Craig, of the law office of Donelon, P.C. as the attorneys representing the Illinois Class;

d)   A declaratory judgment that the practices complained of herein are unlawful under the IMWL;

e)   An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f)   An award of damages for overtime compensation due the Plaintiff and Illinois Class, including liquidated damages allowed under the IMWL to be paid by Defendants;

g)   Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h)   Pre-Judgment and Post-Judgment interest, as provided by law; and

i)   Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **COUNT III**
## **RULE 23 CLASS UNDER OHIO'S WAGE LAWS**

51.   Plaintiff Piccolomini, on behalf of herself and others similarly situated, re-

alleges and incorporates by reference the above paragraphs as if fully set forth herein.

52.     Plaintiff Piccolomini brings her overtime wage claim pursuant to the Ohio R.C. § 4111, *et seq.*, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked, or will work during the liability period, as Managers (or persons with similar job duties) for Defendant at all corporate owned retail restaurants located in the State of Ohio at any time within three years prior to the filing of this First Amended Complaint (hereafter "Ohio Class").

53.     Ohio R.C. § 4111.03 requires that all employers shall pay employees nothing less than one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

54.     Defendant violated R.C. § 4111.03 by failing to compensate Plaintiff and Ohio Class members the overtime pay rate of one and one-half times their regular pay rate for hours worked in excess of forty per workweek, and therefore, owes them this compensation.

55.     Class action treatment of Plaintiff's Ohio overtime claim is appropriate because, as alleged in paragraphs 56-61 *infra*, all of Federal Rule of Civil Procedure Rule 23's class action requisites are satisfied.

56.     The Ohio Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

57.     Plaintiff Piccolomini is a member of the Ohio Class, and her overtime claim is typical of the claims of other Ohio Class members.  For example, Plaintiff Piccolomini and the Ohio Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated Ohio wage laws when it failed to pay them overtime compensation for hours worked over 40 per workweek.  Plaintiff has no interests

that are antagonistic to or in conflict with the Ohio Class' collective interest in obtaining such a judicial finding.

58.     Plaintiff will fairly and adequately represent the interests of the Ohio Class, and she has retained competent and experienced counsel who will effectively represent the interests of the Ohio Class.

59.     Questions of law and fact are common to the class.  The Plaintiff and the Ohio Class have been subjected to the common business practices described in paragraphs 53-54, *supra*, and the success of their claims depends on the resolution of common questions of law and fact.  Common questions of fact include whether the Defendant paid any overtime premium for hours worked in excess of forty per work week and whether the Plaintiff and the Ohio Class worked in excess of forty hours per work week.  Common questions of law include, *inter alia*, whether Defendant's company-wide practice of paying Managers a salary and classifying them as exempt from overtime compensation violated the Ohio wage laws.

60.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Ohio Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Illinois Class members.

61.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 59 *supra*, predominate over any questions affecting only individual Ohio Class members.  In the absence of class litigation, such common questions of law and fact would need to be

resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

62.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Ohio Class have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay.  In turn, under R.C. § 4111.17(D), Plaintiff and the Illinois Class are also entitled to liquidated damages, and under R.C. § 4111.10 are entitled to attorney's fees and costs incurred in connection with this claim.

### PRAYER FOR RELIEF

Plaintiff Piccolomini, on behalf of herself and the Ohio Class, seek the following relief:

j)      Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Ohio Class and issuance of notice to said members apprising them of the pendency of this action;

k)      Designation of Jennifer Piccolomini as Representative Plaintiff of the Ohio Class;

l)      Designation of Brendan J. Donelon and Daniel W. Craig, of the law office of Donelon, P.C. as the attorneys representing the Ohio Class;

m)      A declaratory judgment that the practices complained of herein are unlawful under Ohio's wage laws, R.C. § 4111, *et seq.*;

n)      An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

o)      An award of damages for overtime compensation due the Plaintiff and Ohio Class, including liquidated damages, to be paid by Defendants;

p)      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

q)      Pre-Judgment and Post-Judgment interest, as provided by law; and

r)      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, MO 43901
*Lead Counsel*
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    (816) 221-7100
Fax:    (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig, IL 6230845
6614 Clayton Road, #320
St. Louis, Missouri 63117
Tel:    (314) 297-8385
Fax:    (816) 709-1044
dan@donelonpc.com

Attorneys for Plaintiff

<u>Certificate of Service</u>

I hereby certify that on <u>May 25, 2017</u> the above pleading was sent via this Court's CM/ECF system to the email addresses to the following counsel of record:

David K. Haase
Catherine S. Lindemann
**Littler Mendelson, PC**
321 North Clark Street, Suite 1000
Chicago, IL 60654
312.795.3286
312.276.4982 fax
DHaase@littler.com
clindemann@littler.com

Patricia J. Martin
Andrew C. Johnson
LITTLER MENDELSON, P.C.
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO 63102
Telephone: 314.659.2000
Facsimile: 314.659.2099
pmartin@littler.com
ajohnson@littler.com

Attorneys for Defendant.